FARMERS RURAL ELECTRIC COOPERATIVE CORPORATION OF GLASGOW, Kentucky, Appellant,

v.

Brenda COOPER; Workers' Compensation Board; and Division of the Special Fund, Department of Labor, John Calhoun Wells, Secretary, Appellees.

John Calhoun WELLS, Secretary of Labor Cabinet (Special Fund), Appellant,

v.

Brenda COOPER; Farmers Rural Electric Cooperative Corporation of Glasgow, Kentucky; and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Aug. 29, 1986.

H. Jefferson Herbert, Jr., Glasgow, for Farmers Rural Elec. Co-op. Corp.

Jeffrey R. O'Grody, Bowling Green, for Brenda Cooper.

Cathy Utley Costelle, Louisville, for Special Fund.

Before HAYES, C.J., and GUDGEL and HOWERTON, JJ.

GUDGEL, Judge.

These consolidated appeals stem from a judgment entered by the Barren Circuit Court which affirmed an opinion and award of the Workers' Compensation Board. The board awarded appellee benefits for a 50% occupational disability, and apportioned liability for one-fifth of the award against the employer and the remainder against the Special Fund. Appellants contend that the board's award is not supported by substantial evidence. For the reasons indicated in this opinion, we reverse and remand for further proceedings.

Appellee Brenda Cooper went to work for appellant Farmers Rural Electric Cooperative Corporation (Farmers) in 1968. In 1974, the company began installing computer terminals in a portion of its offices. By 1976, Mrs. Cooper, a billing clerk who was assigned to work with the new computer terminals, began experiencing symptoms of shortness of breath, sore throat, and numbness and tingling sensations over her body when the terminals were turned on. She consulted several physicians about her problems but none of them were able to diagnose their etiology. Finally, in 1981, her physician referred her to an allergist, Dr. A.F. White. Although Dr. White was of the opinion that Mrs. Cooper's adverse physical symptoms resulted from her work exposure to the computer terminals, he was unable to identify what irritating substance was emanating from the terminals. Subsequently, at Mrs. Cooper's request, Farmers switched her job to one which was located in an area of the office which had no computer terminals. Between August 1981 and December 1982, Mrs. Cooper worked at Farmers without any further problems. At the end of 1982, however, Farmers installed computer terminals in all areas of its offices, and Mrs. Cooper again began experiencing symptoms. After an episode of illness on February 2, 1983, Mrs. Cooper went home, and she has not returned to work since.

Mrs. Cooper's application for adjustment of her claim, filed on July 11, 1983, alleged

that she had contracted an occupational disease. The proof adduced by the parties was directed solely towards that issue. The board, however, in an opinion and award rendered December 10, 1984, concluded that Mrs. Cooper sustained a work-connected injury on February 2, 1983, and that as a result of the injury she is 50% occupationally disabled. Moreover, the board apportioned liability for its award pursuant to the subsequent injury statute, KRS 342.120, concluding that Mrs. Cooper's February 2 injury aggravated a preexisting condition. The Special Fund was adjudged liable for four-fifths of the award. The circuit court, on review, affirmed the board's award. These appeals followed.

■ Appellants contend the board's award is not supported by substantial evidence. We are constrained to agree. During these proceedings, Mrs. Cooper never claimed that she sustained a work-connected injury. Rather, she claimed that she suffers an allergic reaction to chemicals which emanate from computer terminals, and hence, that she is entitled to an award of benefits as a result of having contracted an occupational disease. Further, all the proof adduced was directed to the issue of whether she frequently got sick at work because she was allergic to some unidentified chemical substance which emanates from computers. No evidence, much less any substantial evidence, was adduced to show that Mrs. Cooper sustained a work-connected injury or that she suffered from a preexisting dormant disease or condition which was aroused into disabling reality by a subsequent injury. The board's ultimate findings in this case, therefore, clearly are not supported by substantial evidence. Hence, they must be set aside. On remand, the board should make new findings comporting with the dictates of KRS 342.-316, the occupational disease statute.

■ Although we are constrained to reverse the board's award, we deem it appropriate in the interest of judicial economy to address the underlying issue in this case of whether the inability of Mrs. Cooper's expert medical witnesses to identify the particular chemical irritant or substance, which is found in or emanates from computer terminals and causes her to suffer an allergic reaction, dictates that her occupational disease claim should be dismissed. The controlling case on this issue is *Princess Manufacturing Company v. Jarrell,* Ky., 465 S.W.2d 45 (1971). In *Princess,* the claimant had "an inherent inability to withstand exposure to unlaundered fabrics used in the employer's plant. As a result she suffered an allergic reaction and broke out in a rash." *Id.* at 47. According to the court, the medical evidence adduced merely showed that the claimant was highly sensitive to the fabrics used in the plant. Although the incidence of such allergic reactions among garment workers generally was not shown to be unusual, the claimant's problem was not commonly associated with the garment workers' occupation. Significantly, although the court's opinion seems to indicate there was evidence that certain fabrics are generally recognized to be allergens insofar as some members of the general population are concerned, it did not indicate that there was any evidence identifying by name the particular irritating substance in the fabric. The court also indicated that in determining whether a particular allergic reaction may be an occupational disease within the meaning of KRS 342.316, the board may apply a subjective test to determine how the particular employee is affected by the conditions of employment.

In the instant case, there was ample evidence that Mrs. Cooper suffered an allergic reaction every time she was exposed to computer terminals in her work environment. Doctors White, Tapp, and Wrenn all indicated by letter that they were satisfied that she adversely reacted to some unknown chemical irritant emanating from the computers. Further, Doctors White and Simon, both allergists, testified by deposition that they were satisfied Mrs. Cooper suffered an allergic reaction to computer terminals in the work place, and Dr. Crook testified that he has treated other

persons who have had an adverse reaction to chemicals emanating from computers.

Given the fact that, pursuant to *Princess*, the board need only apply a subjective test to determine how the conditions of the employment affected Mrs. Cooper, we fail to perceive that her failure to adduce evidence identifying by name the allergen emanating from the computers necessarily dictates that her occupational disease claim must be dismissed. In short, since the offending fabric substance in the *Princess* case was not required to be identified, we conclude that there was no necessity that Mrs. Cooper identify the chemical irritant which emanated from computer terminals in the instant action.

The court's judgment is reversed and this case remanded with directions that it be returned to the board for further proceedings consistent with the views expressed in this opinion.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.